IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:22-cr-045 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Ends of Justice Order |
| Christopher Kestler, *et al.*, | : | |
| | : | |
| Defendants. | : | |

The Court conducted a status conference in this case on October 12, 2022 following a six-week continuance granted to allow the parties to engage in plea negotiations. Counsel requested an additional sixty-day continuance to finalize plea agreements for both Defendants.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by such continuance outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The Court is satisfied that counsel are exercising due diligence in this matter, but the

parties must be permitted additional time to finalize plea agreements. Counsel for Defendants represented that they were confident that their cases were heading for a pre-trial resolution. They stated that they had requested further information from the Government to facilitate the plea negotiations. They requested sixty days to resolve the remaining issues. Counsel for the Government concurred in the request. For these reasons, the Court finds pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv) that the ends of justice served by granting a continuance outweigh the best interest of the public and Defendants to a speedy trial.

Accordingly, the Court will grant a continuance. The Court will conduct a status conference by telephone on December 6, 2022 at 2:00 p.m. The time from October 12, 2022 to December 6, 2022 will be excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge