IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:22-cr-045 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Ends of Justice Order |
| Christopher Kestler, *et al.*, | : | |
| | : | |
| Defendants. | : | |

The Court held a hearing today on Defendant Christopher Kestler's Pro Se Motion for

New Counsel. (Doc. 45.) The Court previously addressed and resolved a rift in communications

between Kestler and his attorney on May 6, 2023. (Doc. 42.) In his most recent Motion for New

Counsel, Kestler complains that his attorney did not review discovery with him or assist him in

his case. (Doc. 45.) The Court asked Kestler to explain his concerns at the hearing today.

Kestler stated that he wanted an attorney who could give him a different outcome in this case.

The Court explained that a new attorney could change the course of plea negotiations and would

result in delay to allow a new attorney to get up to speed in his case. Kestler stated that he

understood this and wished to proceed. The Court orally granted Kestler's Motion for New

Counsel and is in the process of appointing a new attorney to represent him.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty

plea, trial "shall commence within seventy days from the filing date (and making public) of the

information or indictment, or from the date the defendant has appeared before a judicial officer

of the court in which such charge is pending, whichever date last occurs." 18 U.S.C.

§ 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is

excludable from the speedy trial clock if the court finds that "the ends of justice served by such

1

continuance outweigh the best interest of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant such a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(i), (iv). A period of delay attributable to a defendant's request for new counsel and for new counsel to review the case and prepare a defense for trial is excludable under the Speedy Trial Act. *United States v. White*, 129 F. App'x 197, 202 (6th Cir. 2005) (two-month, open-ended period of delay attributable to appointment of new counsel excludable from Speedy Trial Act).

Here, Kestler requested new counsel be appointed. He stated that he understood that appointment of new counsel may impact his plea negotiations and would result in delay. It would therefore result in a miscarriage of justice to not provide sufficient time for a new attorney to be appointed and review and understand the case. Thus, the Court finds that the period of delay attributable to Kestler's request for a new attorney to be appointed and for that attorney to review the case and prepare a defense is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(B)(i), (iv). The Court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and Kestler to a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).

Accordingly, the Court sets this matter for a telephonic status conference on June 26, 2023 at 11:30 a.m. The time from June 6, 2023 to June 26, 2023 will be excluded from the speedy trial calculation.

**IT IS SO ORDERED.**

BY THE COURT:

Susan J. Dlott
United States District Judge